FLORENCE JANULIS, Plaintiff-Appellee, *v.* JAMES E. COOPER *et al.*, Defendants-Appellants.

(No. 13007; ▮▮▮▮▮▮▮▮▮▮

Fourth District—May 22, 1975.

James E. Cooper, *pro se.*

Dukes, O'Rourke, & Stewart, Ltd., of Danville (John F. Martin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendants, James E. and Beverly M. Cooper, appeal from a judgment entered against them following a bench trial for $720 plus costs as damages resulting from a breach by defendants of a real estate listing agreement. Defendants appear in this court pro se and have alleged numerous errors in the trial court.

Our examination of the record in the instant cause reveals that no verbatim transcript of the trial was taken. We further note that no report of proceedings was prepared and presented to the trial court for certification by the appellant nor was any agreed statement of facts filed with the trial court, as provided by Supreme Court Rule 323(c) and (d) (Ill. Rev. Stat. 1973, ch. 110A, par. 323). In light of the posture of the present record we are unable to review the allegations of error presented by defendants.

We do note, however, that the docket entries show that on March 11, 1974, a bench trial was held, that both parties were represented by attorneys, and that evidence was presented by both sides. The complaint indicates that this is a small claims action for breach of a real estate broker's contract for the sale of real estate entered into by plaintiff and the defendants on April 2, 1971. The record also contains the exhibits introduced by the plaintiff at the trial. One of these exhibits is a contract to sell real estate entered into between plaintiff and defendants. The

590

property in question was exclusively listed by defendant with plaintiff on April 2, 1971, for 90 days, automatically renewable for another 90 days unless defendants notify otherwise. The agreement states that the seller's terms are that the purchase price should be $12,000 with the terms being $900 down and $95 a month. The exhibits also included a proposal to purchase the said real estate for $12,000 signed by a Mrs. Nance, dated September 13, 1971, and offering $900 down and $95 per month. Another exhibit is a letter from defendants to plaintiff revoking the listing and dated September 11, 1971. Under the terms of the listing agreement said revocation would not be effective until October 2, 1971. Since plaintiff secured a buyer during the exclusive listing period that was ready, willing, and able to purchase the property upon the terms set forth or agreed to by the owner, plaintiff was entitled to her commission under the listing agreement. *Cabry v. Ionidas*, 122 Ill.App.2d 167, 258 N.E.2d 45.

Accordingly, for the reasons stated above the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.